UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ELIJAH BEN ISRAEL, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | NO. 1:08-CV-109 - PPS-RBC |
| TAMARA MARTIN, Grant County ) | |
| Assessor, and STEVE CARTER, Indiana ) | |
| Attorney General, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OPINION AND ORDER

Plaintiff Elijah Ben Israel filed a pro se complaint against the Grant County Assessor and the Indiana Attorney General. [DE 1.]  On the same day, he filed an Application to Proceed with Prepayment of Fees (*in forma pauperis*). [DE 2].  Because federal courts do not have subject matter jurisdiction to decide the issues raised by Israel's complaint, Plaintiff's application must be **DENIED**.

## DISCUSSION

Pursuant to 42 U.S.C. § 1983, Israel sued the Grant County Assessor and Indiana Attorney General, alleging they violated his constitutional rights by issuing property tax assessments and failing to inform him of his ability to appeal those assessments.  Israel claims violations of the First, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments.  Most of the paragraphs in Israel's complaint state that the Defendants imposed high assessments because they are motivated by a racist hatred against African Americans and have set-up the Indiana tax system to maintain a historic racial disparity. Israel seeks as relief that "[t]he Court order Defendants to pay

$200,000.00 (two hundred thousand dollars) in damages and in exchange for several properties Plaintiff inherited from Father in Grant County and 8 yrs of mental torment."

Federal courts are authorized to dismiss a claim filed *in forma pauperis* at any time if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. § 1915(e)(2)(B).  The pleading standards were recently retooled by the Supreme Court.  In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (quotation marks omitted).  Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. at 1965. Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007).  In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation.  In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a).  The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. at 2200 (quotation marks and citation omitted).  In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

Israel's complaint must be dismissed because Congress has taken away the jurisdiction of

the federal district court to decide cases seeking to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. This Tax Injunction Act ("TIA") requires that the federal district courts abstain from involving themselves in questions regarding the collection of state taxes, so long as there is a plain, speedy and efficient remedy for challenges to the state tax law at issue. *Hay v. Indiana State Bd. of Tax. Com'rs.*, 312 F.3d 876, 878 (7th Cir. 2002) (quotation marks omitted). The Seventh Circuit has already determined that there is, in fact, an available and sufficient remedy for Indiana taxpayers to challenge their real property tax assessments. *Id*. 312 F.3d at 880. In *Hay*, the Seventh Circuit described the many levels of review that are available to Indiana taxpayers.

> Under the Indiana law, a taxpayer can seek review of a property tax assessment by the County Property Tax Assessment Board of Appeals (Ind. Code § 6-1.1-15-1) and can appeal any finding to the Indian Board of Tax Review (Ind. Code § 6-1.1-15-3). If a taxpayer remains unsatisfied after these administrative review processes, she may seek judicial review with the Indiana Tax Court. Ind. Code § 6-1.1-15-5. From there, all appeals go to the Indiana Supreme Court, and then, of course, a party may petition the United States Supreme Court for certiorari. In addition to the direct challenge, the state statute also provides a procedure for taxpayers to receive a refund for property taxes assessed and paid that are later found to be illegal as a matter of law. Ind. Code § 6-1.1-26-1.

*Hay,* 312 F.3d at 880. The court went on to note that two other Seventh Circuit cases analyzing the Indiana tax appeal system have approved of the procedure. *Id.*; *see Miller v. Bauer*, 517 F.2d 27 (7th Cir. 1975); *Sacks Bros. Loan Co. v. Cunningham*, 578 F.2d 172 (7th Cir. 1978). All told, if Israel wishes to address a perceived error in the assessment of his taxes, he must carry his challenge fully through the procedural avenues created by Indiana state law. If he can convince none of the Indiana officials as to the merits of his claims, up through and including the Indiana Supreme Court, his only remaining federal source of relief will be the United States Supreme Court. *Hay*, 312 F.3d at 880.

The fact that Israel appears to be seeking damages and not an injunction is of no consequence. The Seventh Circuit has stated that tax damages suits brought under § 1983 fall within the prohibition of the TIA or are otherwise prevented by principles of comity. *See Wright v. Pappas*, 256 F.3d 635, 637 (7th Cir. 2001) (citing *Fair Assessment in Real Estate Assn., Inc. v. McNary*, 454 U.S. 100, 114 (1981)). The *Wright* court reasoned that the plaintiff, a purchaser of tax liens, was "in effect" seeking a refund of state taxes through his § 1983 suit, and that the TIA prevented the court from declaring the challenged mode of collection as illegal. *Id*. Pertinently, the plaintiff in *Wright* grounded his § 1983 action on claims of systemic racial discrimination, just as Israel has done here. Therefore, just as in *Wright*, the plaintiffs' § 1983 action should be barred by the TIA because Indiana law provides a plain, speedy and efficient remedy. *See also*, *Logal v. Miller*, 381 F. Supp. 2d 806, 809-10 (N.D. Ind. 2005) (finding TIA served to prevent jurisdiction to entertain damages suit alleging that portions of Indiana inheritance tax system were unconstitutional.)

Moving to a separate topic, Israel has indicated on his pro se complaint form that he has not sued anyone for the same things he wrote about in this complaint. Complaint, 3. That is simply not the case. He admits as much in his Motion to Remove Judge Lee From All Cases Filed By Plaintiff [DE 3], filed on the same day as his complaint.[1] In that motion, he describes Judge Lee's dismissal of his previous case concerning property taxes. Motion to Remove, ¶ 4. Taking judicial notice, the Court sees that Judge Lee has dismissed at least *two* federal cases brought by Israel to challenge Indiana's imposition of property taxes and the sale of his property at tax sale. (Case no. 1:06-CV-53, DE 3; Case No. 1:05-CV-311, DE 3.) Those complaints were

---

[1]Israel argues that Judge Lee should be removed from any of his future cases, claiming that Judge Lee is racist towards African Americans, a conclusion he supports in part by pointing out that Judge Lee was named after a confederate General. Motion to Remove, ¶ 3.

similarly dismissed quickly under § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief could be granted.  Israel has not filed an appeal of those decisions.

"Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."  *U.S. ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995).  It appears Israel is attempting to obtain a third bite of the apple.  Hopefully, he will take the hint from this order and cease filing his duplicative claims.  To help him understand, he is now warned that if he brings future frivolous complaints, **he will be subject to sanctions**.  *See Alexander v. U.S.*,121 F.3d 312, 313, 315 (7th Cir. 1997) (fining pro se litigant $500 for filing fourth frivolous pleading substantially identical to prior pleadings); *Verdone*, 73 F.3d at 674 (prohibiting pro se plaintiff from filing any papers in the Seventh Circuit, excluding criminal and habeas corpus proceedings, until he offers proof of payment of the more than $2,500.00 in sanctions imposed on him by both the district court and Seventh Circuit).

## CONCLUSION

For the foregoing reasons, Israel's request to proceed *in forma pauperis* [DE 2] is **DENIED** and his complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED.**

ENTERED: May 6, 2008

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT